OPINION OF THE COURT
Frank R. Bayger, J.
At issue in this article 78 proceeding is the validity of the defendant township’s recently enacted “Solid Waste Management Facility, Incineration, Recycling and Landfills Law” (Local Law No. 8). Petitioners presently operate various waste treatment and disposal facilities within the township pursuant to existing Federal and State legislation. They contend that the local law was improperly enacted in violation of New York’s Environmental Quality Review Act (ECL art 8), is duplicative of existing legislation, unduly burdensome, and potentially harmful to the environment in its application to petitioners’ presently licensed and carefully regulated operations. Their argument is primarily founded upon the defendants’ failure to file an environmental impact statement (EIS) prior to the law’s enactment (cf. ECL 8-0109, subd 2).
New York’s Environmental Quality Review Act (SEQRA) and related, administrative regulations (6 NYCRR Part 617) represent a comprehensive legislative scheme designed to “encourage productive and enjoyable *278 harmony between man and his environment; to promote efforts which will prevent or eliminate damage to the environment and enhance human and community resources; and to enrich the understanding of the ecological systems, natural, human and community resources important to the people of the state.” (ECL 8-0101.) Its stated objective is the protection and/or betterment of the State’s environment and the avoidance, wherever possible, of adverse environmental consequences (ECL 8-0103, 8-0109, subd 1; 6 NYCRR 617.1). It requires that all “agencies”, including local governments (ECL 8-0105, subd 3), “conduct their affairs with an awareness that they are stewards of the air, water, land and living resources, and that they have an obligation to protect the environment for the use and enjoyment of this and all future generations” (H.O.M.E.S. v New York State Urban Dev. Corp., 69 AD2d 222, 229). To this end it requires, with few exceptions, that all government initiated, funded, or regulated activity be subjected to a preliminary assessment of its environmental impact prior to any proposal’s adoption or implementation. “In other words, in addition to the concerns these agencies and units of government already consider as part of their legislative mandate, they must now take into account environmental matters when deciding whether or not to approve an action covered by SEQRA.” (Matter of Town of Henrietta v Department of Environmental Conservation of State cf N. Y., 76 AD2d 215, 226.) “SEQRA therefore requires a decision maker to balance the benefits of a proposed project against its unavoidable environmental risks in determining whether to approve [a] project” (supra, p 222). The primary means of assuring that mandated environmental assessment is the requirement of an EIS for any action which may have a significant effect on the environment (supra, pp 220-222; ECL 8-0109, subd 2). Like all SEQRA statutes and regulations, that requirement is to be given the broadest possible construction (Matter of Town of Henrietta v Department of Environmental Conservation of State of N.Y., 76 AD2d 215, 222-223, supra). Here, the defendants determined that the proposed legislation would have no significant effect on the environment and therefore declined to prepare or file an EIS (6 NYCRR 617.10 [b]). That determination may not be sustained.
*279 Local Law No. 8 relates to the licensing and regulation of industrial waste disposal, recycling, sanitary landfills, solid waste management and incineration, and hazardous waste disposal facilities. It seems inconceivable that any such legislation could reasonably have been determined to be without significant impact on the State’s environment. Indeed, the ordinance itself specifically recognizes that such industrial activities “are by their very nature particularly dangerous to both the Town citizenry and to their surrounding natural environment.” (Local Law No. 8, art 1, subd 1.) In determining that an ordinance so directly related to the siting, construction and operation of such environmentally dangerous activities was without “significant effect” on the environment and without need for the submission and study of an EIS, the defendants ignored the clear mandate of the statute and the decisional authorities cited herein (Matter of Town of Henrietta v Department of Environmental Conservation of State of N.Y., 76 AD2d 215, supra; H.O.M.E.S. v New York State Urban Dev. Corp., 69 AD2d 222, supra; and see Bliek v Town of Webster, 104 Misc 2d 852, 861-862). While the defendants obviously intended Local Law No. 8 to be of beneficial environmental effect, that laudatory purpose is not dispositive of the issue presented herein. The question is, whether an EIS was a prerequisite condition for the valid enactment of such a law. I believe it was.
The defendants’ “determination of non-significance” was expressly founded upon the town board’s opinion that the proposed action, being legislative in nature, would not cause any of the adverse effects described in 6 NYCRR 617.11 and that the criteria therein enumerated did not relate to acts which are strictly legislative in nature but are addressed solely to site specific effects. I believe that opinion was ill-founded. “Legislative” actions are clearly within the purview of SEQRA regulations (Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd. of Town of Tuxedo, 96 Misc 2d 1, affd 69 AD2d 320; Bliek v Town of Webster, 104 Misc 2d 852, supra; and see 6 NYCRR 617.2 [b]), and in determining whether such actions may have a potentially significant effect on the environment within the meaning of SEQRA, they must be viewed as including *280 any subsequent actions likely to be taken as a result thereof, or which are otherwise dependent thereon (6 NYCRR 617.11 [b] [2], [3]). All present and future waste treatment or disposal operations within the defendant township are specifically made dependent upon compliance with the local law’s prescribed application and permit provisions. Therefore, for purposes of determining whether Local Law No. 8 required the prior preparation and submission of an EIS, it must be viewed as having the same environmental impacts as might reasonably be expected to result from the waste treatment siting and operating permits which the ordinance purports to regulate and require (6 NYCRR 617.11 [b]). Viewed in that light Local Law No. 8 must be deemed to have such “significant environmental effect” as to have required an EIS. The defendant’s failure to conform to SEQRA legislation in that regard requires the invalidation of the ordinance.