■ In the Matter of OAK BEACH et al., Appellants, v ORIN LEHMAN, as Commissioner of the New York State Office of Parks and Recreation, et al., Respondents. — In a combined CPLR article 78 proceeding to review certain actions taken by the named State agencies and officials, specifically, the issuance of a land-use permit without requiring submission of an environmental impact statement in accordance with the State Environmental Quality Review Act, and a declaratory judgment action, the petitioners/plaintiffs appeal (1) as limited by their brief and notice of appeal, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated June 30, 1982, and amended by orders of the same court dated August 3, 1982 and September 27, 1982, respectively, as (a) granted the State respondents'/defendants' motion to dismiss the petition/complaint to the extent of dismissing the first five causes of action, (b) dismissed all causes of action asserted by and on behalf of the natural resources Oak Beach and Fire Island Inlet, brought by their "next best friends", and directed that the caption be amended so as to delete those named parties therefrom, (c) required that the president and/or treasurer of the petitioner/plaintiff Oak Beach Civic Association, submit proof of their authorization to act on behalf of the association and (d) ordered the joinder of the Town of Babylon and the Oak Beach Inn Corp. as necessary indispensable parties; and (2) from so much of an order of the same court, dated December 23, 1982, as denied as moot the motion of the petitioners/plaintiffs seeking an order permitting them to conduct examinations before trial of the respondents/defendants New York State Office of Parks and Recreation, Long Island State Park and Recreation Commission and the Town of Babylon and to compel said parties to produce certain specified documents for discovery, inspection and copying. ¶ Order dated December 23, 1982, affirmed insofar as appealed from, without costs or disbursements. No opinion. ¶ Order dated June 30, 1982 as amended, modified, on the law, so as to (1) reinstate the first cause of action of the petitioners/plaintiffs, (2) direct the entry of judgment thereon annulling and setting aside the land-use permit dated July 2, 1981, issued to the Town of Babylon by the New York State Office of Parks and Recreation, as having been issued arbitrarily and capriciously and (3) direct that respondents/defendants, their permittees and assigns cease and desist from using the subject premises pursuant to such permit. As so modified, order as amended affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the New York State Office of Parks and Recreation for further proceedings consistent herewith. ¶ The action permitted by the land-use permit at issue allowed the defoliation of a parcel of realty abutting a State highway, approximately 1.25 acres in size, and its improvement as a temporary parking lot. Such parcel is within an area either abutting or designated as tidal wetlands and was covered by plant species indigenous to such areas. The State Environmental Quality Review Act (SEQRA; ECL art 8) required that before such permit was issued, the New York State Office of Parks and Recreation, the issuing agency, take a "hard look" at the relevant areas of environmental concern and determine whether an environmental impact statement should be filed because the proposed action might have significant

environmental effect. Further it was necessary that the issuing agency's investigation be adequately documented in order to permit review, should its inquiry result in a negative determination, thus allowing a permit to issue without such a statement (*H.O.M.E.S. v New York State Urban Dev. Corp.*, 69 AD2d 222, 232-233; see *Matter of Save the Pine Bush v Planning Bd.*, 96 AD2d 986, mot for lv to app den 61 NY2d 602, app dsmd 61 NY2d 668). The permit in question here was issued after an examination of the project, which examination was undocumented except for a letter of M. Pamela Otis, an associate environmental analyst with the New York State Office of Parks and Recreation, in which she conclusorily determined that no environmental impact statement was necessary. That letter does not establish that the issuing agency took the required "hard look" or made a good-faith review of the situation, or that the exercise of the rights accorded by the permit would not have a detrimental effect upon the environment. In contrast, plaintiffs/petitioners have submitted affidavits and studies of environmentalists, which, although containing irrelevant allegations pertaining to the general operations of the Oak Beach Inn, do nevertheless indicate certain possible detrimental effects to the environment as a result of the creation of the parking facility allowed by the land-use permit. We are persuaded that further analysis, examination and documentation by the issuing agency is needed to determine whether an environmental impact statement was required under SEQRA as a condition precedent to the issuance of the permit in question. ¶ While we are aware that we could, on a proper record, find as a matter of law that such a statement is required (see *Matter of Rye Town/King Civic Assn. v Town of Rye*, 82 AD2d 474, 484, mot for lv to app dsmd 56 NY2d 985), the record before us does not point unequivocally in this direction. Accordingly, we find that the issuance of the subject permit was arbitrary and capricious, that such permit is null and void, and that the matter should be remitted to the issuing agency for further study. ¶ We have considered the remaining claims of the petitioners/plaintiffs and find them to be without merit. Titone, J. P., Lazer, O'Connor and Boyers, JJ., concur.