■ OAK BEACH INN CORP. et al., Appellants, v DAVID HARRIS et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a positive declaration of the Suffolk County Department of Health Services that a draft environmental impact statement is required, petitioners appeal from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), dated November 9, 1982, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

The petitioner corporation owns and operates a restaurant, bar and night club known as the Oak Beach Inn (Inn) in the Town of Babylon. The dominant land use within a quarter-mile radius of the Inn is single-family residential. There are also preserved wetlands to the north and south.

Petitioners submitted an application to the respondent Suffolk County Department of Health Services (Department) for a State pollution discharge elimination system (SPDES) to discharge sanitary waste. On June 2, 1982, the Department issued a positive declaration that the proposed project may have a significant environmental impact and that a draft environmental impact statement (DEIS) would be required.

On or about August 5, 1982, petitioners commenced this article 78 proceeding to vacate the positive declaration, arguing that the project would have no significant environmental impact. Nisi prius dismissed the proceeding upon the theory that the positive declaration was a nonfinal order not subject to review under CPLR 7801 (1). We affirm, but for a different reason.

We note at the outset that the declaration is subject to review pursuant to the broad language of ECL 17-0909 (3).

Nevertheless, we find that petitioners' argument that the positive declaration was arbitrary and capricious is without

merit. This court has noted that under the State Environmental Quality Review Act ([SEQRA], ECL 8-0101 *et seq*.) there exists a relatively low threshold to trigger the preparation of an environmental impact statement (EIS). Such a statement is required for any action "which may have a significant effect on the environment" (ECL 8-0109 [2]; *see, Matter of Tehan v Scrivani*, 97 AD2d 769, 770; *Matter of Oak Beach v Lehman,* 100 AD2d 906).

In the case at bar, a rational basis exists to support the positive declaration. The Inn is seeking to enlarge and modify its waste disposal system to accommodate 1,500 persons. The New York State Department of Environmental Conservation has already notified the Inn of alleged violations of ECL 17-0505 and 17-0701 due to the Inn's discharging waste without a permit and operating a disposal system without a valid SPDES permit. Water samples of residential shallow wells adjacent to the property indicated the presence of coliform bacteria, sodium, and iron contamination which exceeded standards. ECL 17-0803 provides that it is "unlawful to discharge pollutants to the waters of the state from any outlet or point source without a SPDES permit". Based on the evidence summarized above, the Department could conclude that the Inn project *"may* have a significant effect on the environment" (ECL 8-0109 [2], emphasis supplied), and thus properly require an EIS.

Nor do we perceive merit in petitioners' argument that the positive declaration must be voided as a conflict of interest exists within the Department since Department employee Royal Reynolds is a litigant in suits against the Inn. First, unlike *Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd.* (96 Misc 2d 1, *affd* 69 AD2d 320), upon which reliance is placed, petitioners do not allege that Reynolds was a voting member of the Department; indeed, petitioners do not even spell out the exact nature of this employee's involvement in the other lawsuits. Furthermore, whatever interest Reynolds may have as a member of the community and its various civic associations would not be sufficient to void the Department's positive declaration. As previously discussed, there is a relatively low threshold for triggering the preparation of an EIS and there exists a rational basis for concluding that one was needed here. We note, however, that the agency has ordered Reynolds to refrain from further participation in this matter, and we subscribe to this view as well.

Accordingly, the judgment dismissing the instant proceeding is affirmed. We would point out that where, as here, the agency determines that an EIS is needed, either the agency or the applicant, at the applicant's option, shall prepare the DEIS (*see,*

ECL 8-0109 [4]; 6 NYCRR 617.8 [a], [e]; *Glen Head-Glenwood Landing Civ. Council v Town of Oyster Bay,* 88 AD2d 484, 486). Gibbons, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.