In the Matter of Louise Nielsen et al., Respondents, v Planning Board of the Town of East Hampton et al., Appellants.

By resolution adopted on September 29, 1982, the planning board granted site plan approval to appellant EFS permitting, *inter alia,* the construction of one 30-unit motel structure and one 20-unit motel structure on premises owned by it. Twenty-three motel, cottage and apartment units already existed on the premises.

On or about January 26, 1983, EFS applied to the planning board for approval to demolish 11 preexisting units and to construct a 28-unit structure. A planning firm reviewed the proposal and, *inter alia,* advised the planning board that the project was an unlisted action pursuant to the State Environmental Quality Review Act (SEQRA; ECL art 8) and that the project would not result in an adverse impact on the environment. By letter dated February 18, 1983, the planning board informed EFS that it had made a determination of nonsignificance. Subsequently, environmental assessment forms were prepared, a formal "negative declaration" was issued and, by resolution adopted March 16, 1983, the planning board approved the site plan. By order to show cause dated April 14, 1983, this proceeding was commenced challenging said determination.

Before an agency may make a finding of nonsignificance pursuant to SEQRA, it must identify the relevant areas of environmental concern, take a "hard look" at them, and make a reasoned elaboration for the basis of its declaration (*Matter of Tehan v Scrivani,* 97 AD2d 769; *Matter of Schenectady Chems. v Flacke,* 83 AD2d 460). We have consistently required literal compliance with the procedures promulgated under SEQRA (*see, Matter of Rye Town/King Civic Assn. v Town of Rye,* 82 AD2d 474, *appeal dismissed* 55 NY2d 747).

Our review of the record indicates that the planning board's initial finding of nonsignificance did not take into account the designated environmental criteria, as mandated by 6 NYCRR 617.11 (a) (1)-(11). The subsequent preparation of environmental assessment forms does not vitiate the planning board's failure to literally comply with the statutory mandate (*see, Matter of Schenectady Chems. v Flacke, supra*). Accordingly, Special Term properly annulled the planning board's determination and remitted the matter for de novo examination pursuant to the precepts of SEQRA.

Nonetheless, Suffolk County Charter § 1331 (a), (b) requires submission of site plans to the Suffolk County Planning Commission only where the proposed project will be at variance with a locality's zoning laws. Inasmuch as the Commission has expressly stated that it does not have jurisdiction to review plans such as the one at bar, EFS need not submit its application to the Commission.

Finally, we note that the four-month Statute of Limitations precludes the granting of relief concerning construction commenced and/or completed pursuant to the September 1982 and prior resolutions (see, CPLR 217). Accordingly, we vacate the injunction prohibiting the issuance of certificates of occupancy for those units.

We have reviewed the remaining contentions of defendant EFS and find them to be without merit. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.