OPINION OF THE COURT
Joseph D. Mintz, J.
Plaintiff moves for summary judgment pursuant to CPLR 3212, or alternatively for preliminary injunction pending resolution of his action for permanent injunction based on defendants’ alleged failure to comply with the provisions of the State Environmental Quality Review Act (SEQRA). Specifically, plaintiff alleges that defendants’ failure to file an environmental impact statement (EIS) and the manner by which defendants completed each environmental assessment (EA) were arbitrary, capricious, an abuse of discretion, and violative of SEQRA.
Many of the underlying facts are not in dispute. Defendant, Love Canal Area Revitalization Agency (LCARA) was created by statute to stabilize and revitalize the residential area surrounding Love Canal. The creation of this agency was part of a major program by the State of New York, as well as the Federal Government, following the declaration of the Love Canal and surrounding residential area as an emergency threat to the health and welfare of the residents therein. Most of the homes in the area surrounding the Love Canal (ring 1) and the area immediately surrounding ring 1 (ring 2) were purchased by the State, and demolished and the land covered with a clay cap and plastic liner. The area which contained these homes is still inaccessible to the public. LCARA purchased homes in ring 3, that area which surrounded ring 2, with the statutory purpose of revitalization and resale to the extent possible.
The present dispute is, in part, based on the adequacy, or inadequacy, of health studies already conducted in ring 3. Undisputed by experts, however, is that in order to resell the homes without endangering the public health and welfare, the creekbeds and sewer lines will have to be decontaminated. As best as can be discerned by the papers, this had not been totally accomplished prior to LCARA’s completion of the EA’s for the six houses in question. Furthermore, plaintiff, by affidavit of a senior scientist in the State environmental protection bureau, raises serious question as to the habitabil *234 ity of the homes in ring 3, concern shared by the State health officer which is disputed only by conclusionary statement of defendants’ counsel. Even if defendants’ statements regarding habitability were ultimately proved correct, it cannot be reasonably said that at the time of completion of the EA’s, the project for sale of six houses was devoid of any possible significant effort on the health of the public or on the quality of the water table.
ECL 8-0109 specifies the filing of an EIS by an agency on agency action which "may have a significant effect on the environment.” LCARA does not contest that it is an agency within the meaning of the section. Rather, it contests the necessity for an EIS. In order for an agency to determine necessity for an EIS, 6 NYCRR part 617 establishes the use of the EA and explicitly instructs the agency on its use. These instructions include the provision that whenever the agency is in doubt as to the answer to any question contained in the EA, the agency should answer the question, "yes”. Any "yes” answer mandates the agency’s completion of an EIS.
Among plaintiff’s criticisms of LCARA’s completion of the EA’s are that LCARA severed the project into actions individual to each house to be sold and that LCARA answered "no” on EA questions including "Will project affect surface or ground water quality?”; "Will project alter drainage flow, patterns or surface water runoff?”; and "Will project affect public health and safety?” Plaintiff contends the manner in which the EA’s were completed was arbitrary and capricious and the negative declaration resulting was contrary to ECL 8-0109.
EIS requirements under ECL 8-0109 are to be strictly complied with. (Matter of Soule v Town of Colonie, 95 AD2d 979 [3d Dept 1983]; Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd. of Town of Pittsford, 106 AD2d 868 [4th Dept 1984].) EIS is required whenever there is a possibility of significant environmental effect even if the possible effect is to be an improvement. (Matter of Niagara Recycling v Town Bd. of Town of Niagara, 108 Misc 2d 277 [Sup Ct, Erie County], revd on other grounds 83 AD2d 335 [4th Dept 1981].)
With respect to the method of completion, LCARA’s use of a separate EA for each proposed sale was contrary to ECL 8-0109. A redevelopment project such as this must be examined as a whole. The proposed sale is only one step in the project. (Matter of Kirk-Astor Dr. Neighborhood Assn. v Town Bd. of *235 Town of Pittsford, supra, at p 869.) Furthermore, presumably, there will be continued monitoring and established criteria for habitability of all the homes in ring 3. These will also be a part of the project which will relate to each proposed sale. It is arbitrary to treat the proposed sale of each home as a separate action.
Furthermore, in light of the existence of certain evidence propounded by plaintiff and uncontroverted by anything in evidentiary form so as to defeat a summary judgment motion, specifically the contamination of creekbeds and the opinion of Dr. Axelrod, as chief health officer of the State, LCARA’s answer of "no” to the questions set forth above was arbitrary and capricious. If the project contemplates cleanup of the creekbeds, the water level and drainoffs will be affected. If it does not so contemplate, there is at least a possibility of significant endangerment to public health and environment.
Based on the foregoing, summary judgment is granted to plaintiff and LCARA is enjoined from selling the proposed homes until an EIS on the entire project is filed according to ECL 8-0109, and the provisions of SEQRA are otherwise complied with.