■ In the Matter of PETER FERNANDEZ et al., Appellants, v PLANNING BOARD OF THE VILLAGE OF POMONA et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Pomona dated January 8, 1985, which granted preliminary approval of the proposed subdivision plat of the respondent Meldor Development Corp., the petitioners appeal from a judgment of the Supreme Court, Rockland County (Nicolai, J.),

entered June 5, 1985, which, *inter alia,* denied the petition in its entirety.

Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that the determination dated January 8, 1985, is annulled, and the matter is remitted to the Planning Board of the Village of Pomona for a new determination in accordance herewith.

On or about January 8, 1985, the respondent Planning Board issued a negative declaration (a determination that a proposed action would not have a significant effect on the environment and that an environmental impact statement [hereinafter EIS] would not be required) with respect to a proposed subdivision plat which showed a proposed development of 26 one-family dwellings to be located on a 28.13-acre tract of one-family-zoned land in the Ramapo portion of the Village of Pomona. On that same day, the Board also granted preliminary approval of the subdivision plat.

The petitioners commenced this CPLR article 78 proceeding seeking, *inter alia,* to set aside the Board's determination with respect to the preliminary approval of the subdivision plan on the ground that the Board's negative declaration was not issued in accordance with the requirements of State Environmental Quality Review Act (hereinafter SEQRA [ECL 8-0101 *et seq.]).*

Special Term held, in pertinent part, that the Board's issuance of the negative declaration was proper, and this appeal ensued.

As recently reaffirmed by the Court of Appeals in *Matter of Jackson v New York State Urban Dev. Corp.* (67 NY2d 400, 414-415, 417; emphasis supplied):

"SEQRA insures that agency decision-makers—enlightened by public comment where appropriate—will identify and focus attention on any environmental impact of proposed action, that they will balance those consequences against other relevant social and economic considerations, minimize adverse environmental effects to the maximum extent practicable, *and then articulate the bases for their choices* * * *

"Court review, while supervisory only, insures that the agencies will honor their mandate regarding environmental protection *by complying strictly with prescribed procedures and giving reasoned consideration to all pertinent issues revealed in the process."*

Thus, "[b]efore an agency may make a finding of nonsignificance pursuant to SEQRA, it must identify the relevant areas

of environmental concern, take a 'hard look' at them, and *make a reasoned elaboration* for the basis of its declaration *(Matter of Tehan v Scrivani,* 97 AD2d 769; *Matter of Schenectady Chems. v Flacke,* 83 AD2d 460)" *(Matter of Nielsen v Planning Bd.,* 110 AD2d 767, 768; emphasis supplied).

Our review of the record indicates that the respondent Planning Board merely voted that a negative declaration should be issued. The Board failed to set forth "a reasoned elaboration for the basis of its declaration" *(Matter of Nielsen v Planning Bd., supra,* p 768; *see also, Matter of Oak Beach v Lehman,* 100 AD2d 906, *appeals dismissed* 63 NY2d 675, *lv dismissed* 64 NY2d 646).

Consequently, the Board's determination approving the preliminary subdivision plat is annulled, and the matter is remitted for a new determination as to "whether an environmental impact statement was required under SEQRA as a condition precedent to the issuance of the" preliminary approval of the subdivision plat in question *(Matter of Oak Beach v Lehman, supra,* at p 907; ECL 8-0109 [4]). Such an analysis, adequately documented, should take into account (1) "the impacts which may be reasonably expected to result from the proposed action" (6 NYCRR 617.11 [a]) as compared against the criteria listed in 6 NYCRR 617.11 (a) (1) to (11), even though an EAF (environment assessment form) has been prepared (6 NYCRR 617.11 [a]), and (2) the actual and potential impacts identified by the petitioners' engineer *(see, Matter of Tehan v Scrivani, supra; Matter of Oak Beach v Lehman, supra; Matter of Nielsen v Planning Bd., supra).*

We further note that a determination in accordance with SEQRA should precede any determination with respect to the preliminary subdivision plat *(cf. Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, *affd* 62 NY2d 965 *for the reasons stated at the App Div).* Bracken, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.