ROBERT ABRAMS, as Attorney-General of the State of

New York, Respondent, v LOVE CANAL AREA REVITALIZATION AGENCY et al., Appellants.—Judgment unanimously affirmed without costs. Memorandum: We affirm for reasons stated at Special Term (Mintz, J.). We add only that additional justification for holding that the Attorney-General has standing to sue may be found in various provisions of the Environmental Conservation Law. In ECL 1-0101 (1), it is declared to be the State's policy to protect, conserve and improve our natural resources and environment to enhance the health, safety and welfare of the people of the State. Section 8-0101 declares that the purpose of SEQRA is to assert a State policy which will encourage harmony between man and his environment; to promote efforts to prevent or eliminate environmental damage and to enrich the understanding of the ecological systems, natural, human and community resources important to the people of the State. To further this purpose, SEQRA requires the preparation of an environmental impact statement whenever the action proposed may have a significant effect on the environment (ECL 8-0109 [4]). These expressed interests are of State-wide concern and the Attorney-General, as the State's chief law enforcement officer, has standing to take appropriate action to protect those interests (see, Executive Law § 63 [1]). (Appeal from judgment of Supreme Court, Niagara County, Mintz, J.—permanent injunction.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ. [See, 132 Misc 2d 232.]