OPINION OF THE COURT
Ralph A. Beisner, J.
In this proceeding pursuant to CPLR article 78, the petitioner, Dutchess County Resource Recovery Agency (the Agency), seeks judgment annulling the May 4, 1989 resolutions of the respondent Town Board of the Town of Washington (the Town) which effected the dedication of certain Town- *934 owned real property for future use as a public park and recreation area. This Town property includes the Town landfill and a portion of the Town gravel mine.
The Agency is a public benefit corporation established in 1982 under the Public Authorities Law to plan, finance and implement solid waste management programs in the County of Dutchess. In 1984, after environmental review proceedings pursuant to the New York State Environmental Quality Review Act (SEQRA) (ECL art 8), the Agency authorized and financed construction of the Dutchess County Resource Recovery Facility, a mass-burn waste to energy plant located in the Town of Poughkeepsie. In addition, the Agency authorized a study to determine the availability of landfill sites for the disposal of ash residue generated by the Poughkeepsie facility and of solid waste (bypass waste) which could not be processed at the Poughkeepsie facility. The study initially identified 11 potential sites and by August 1986, the number of sites had been reduced to 5. In November 1986, after consulting with an "environmental round table”, an informal public forum made up of Agency representatives, the New York State Department of Environmental Conservation, local governments and citizens’ groups held under the auspices of the Dutchess County Environmental Management Counsel, the Agency authorized a full environmental review of the alternative landfill issue pursuant to SEQRA.
In April 1988 a proposed draft environmental impact statement (DEIS) was presented for review and comment. The DEIS recommended a site in the Town of Washington, which includes the area containing the Town landfill and Town gravel and soil mine, as one of the two preferred locations for the landfill sites. On March 10, 1989 the Agency approved the final environmental impact statement (FEIS) identifying the Town of Washington landfill, gravel mine and surrounding Town and private properties as the preferred site for the disposal of bypass waste from the Poughkeepsie facility. On May 22, 1989 the Agency adopted the findings statement (6 NYCRR 617.9) concluding that the Town of Washington site should be pursued. On June 6, 1989 the Agency adopted a resolution authorizing site-specific reviews of the Town property in connection with its efforts to seek a permit to construct and operate the bypass landfill on the Town properties.
Meanwhile, the Town sought to designate a portion of its property including the landfill and the gravel mine sites as a future park and recreation area. To that end, a special meet *935 ing of the Town Board was held on May 4, 1989. At the meeting, the Board considered the environmental assessment form (EAF) prepared in connection with the SEQRA review of this proposed project. The Board determined that it was the sole involved agency and assumed the role of lead agency. After preparing a part 2 EAF and a part 3 EAF, the Town issued a declaration of no significance (negative declaration) pursuant to SEQRA (6 NYCRR 617.6 [g] [2]) and passed a resolution dedicating the property at issue as a public park, subject to permissive referendum.
The Agency has commenced this proceeding to challenge the Town’s action, alleging that the Town undertook only a cursory review, if any, of the environmental impacts of its determination, in violation of the requirements of SEQRA. The Town now moves to dismiss the proceeding on the ground that the Agency lacks standing.
It is undisputed that the Agency is not a legal or equitable owner of the real property at issue or any real property in the Town and has not yet taken any steps to exercise its power of acquisition by eminent domain. According to the Town, since at this junction the Agency has only authorized further site-specific environmental reviews of the property’s suitability as a bypass landfill, its interest is merely speculative. The Town analogizes the Agency’s position to that of a potential buyer of real property who would have no standing to challenge a municipality’s change of the parcel’s zoning classification.
In order to determine whether a party has standing to seek review of an administrative decision, the following factors must be applied: "(1) the interest asserted must be arguably within [that] zone of interest to be protected by the statutory or constitutional [mandates] sought to be enforced; (2) the administrative decision for which review is sought must be shown to have a harmful effect upon the party asserting standing; and (3) there must be no clear legislative intent negating review.” (Matter of City of New York v City Civ. Serv. Commn., 60 NY2d 436, 442-443; see, Matter of Dairylea Coop, v Walkley, 38 NY2d 6.)
The Agency is alleging that the Town failed to comply with the requirements of SEQRA because it did not properly identify the relevant areas of environmental concern, take a " 'hard look’ ” at them, and make a reasoned elaboration for the basis of its decision before it made its negative declaration. (See, Matter of Nielsen v Planning Bd., 110 AD2d 767, *936 768.) The Agency claims that the Town failed to consider the effect which the closing of its landfill will have on the disposal of the solid waste from the Town and Village of Millbrook as well as its impact on the Agency’s countywide plan for solid waste management.
"Section 8-0101 [of the Environmental Conservation Law] declares that the purpose of SEQRA is to assert a State policy which will encourage harmony between man and his environment; to promote efforts to prevent or eliminate environmental damage and to enrich the understanding of the ecological systems, natural, human and community resources important to the people of the State.” (Abrams v Love Canal Area Revitalization Agency, 134 AD2d 885, 886.) The Agency’s interest in this matter is premised on the environmental harm allegedly stemming from the Town’s decision to close its existing landfill, an interest within the purview of SEQRA. The Agency is responsible for solid waste management for the County of Dutchess and the Town’s decision has a harmful effect on the Agency with respect to both the present impact of the landfill closing on garbage disposal and the Agency’s contemplated use of the site for countywide bypass waste. The Agency is not, as the Town asserts, an administrative inter-meddler with no greater interest in the Town’s action than that of a potential purchaser of real property. The Agency has a present interest in waste disposal throughout the county and the environmental effects of the Town’s decision are matters of more than local consequence. (See, Glen Head— Glenwood Landing Civic Council v Town of Oyster Bay, 88 AD2d 484, 490.) Finally, there is no clear legislative intent negating review. (See, Matter of Dairylea Coop, v Walkley, 38 NY2d 6, 11, supra.)
"Standing principles, which are in the end matters of policy, should not be heavy-handed; in zoning litigation in particular, it is desirable that land use disputes be resolved on their own merits rather than by preclusive, restrictive standing rules” (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 413).
Accordingly, the court holds that the Agency, which is responsible for planning, financing, and implementing solid waste management programs for the County of Dutchess, has the requisite standing to bring this proceeding to challenge the Town’s determination to close its existing landfill and dedicate the the property as a public park.