SOCIETY OF THE PLASTICS INDUSTRY, INC., et al., Respondents-Appellants, v COUNTY OF SUFFOLK et al., Appellants-Respondents.

Second Department, February 26, 1990

### APPEARANCES OF COUNSEL

*E. Thomas Boyle, County Attorney (Frederick Eisenbud* of counsel), for appellants-respondents.

*Meyer, Suozzi, English & Klein, P. C. (Bernard S. Meyer* and *Jeffrey G. Stark* of counsel), and *Keller & Heckman (Jerome H. Heckman, John S. Eldred* and *Ralph A. Simmons* of counsel), for respondents-appellants. (One brief filed.)

### OPINION OF THE COURT

Per Curiam.

The issue presented by this appeal involves a challenge to a legislative enactment of the Suffolk County Legislature which prohibits the use of certain nonbiodegradable plastic material in that county. The primary challenge to the law is premised on the claim that the legislature violated the terms and policy of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) by issuing a negative declaration pursuant to SEQRA determining that the law would not pose a significant detrimental environmental impact on the county. Based upon our review of the record, we conclude, for the reasons which follow, that the Suffolk County Legislature failed to comply with SEQRA in this matter and, accordingly, declare the law null and void.

Facing the prospect of its landfills being closed by December 1990 (ECL 27-0704; *see, Matter of Residents for More Beautiful Port Wash. v Town of N. Hempstead,* 149 AD2d 266) the Suffolk County Legislature enacted Local Laws, 1988, No. 10 of the County of Suffolk entitled "A Local Law to Simplify Solid Waste Management by Requiring Certain Uniform Packaging Practices Within the County of Suffolk". In its final form as enacted, Local Laws, 1988, No. 10 of the County of Suffolk (hereinafter the Plastics Law) prohibited the use of specified nonbiodegradable plastic packaging. The Plastics Law required Suffolk County retail food establishments to utilize biodegradable point-of-sale packaging and in essence

was intended to prohibit the use of nonbiodegradable plastic shopping bags and polystyrene or polyvinyl-chloride food containers such as those used by certain fast-food franchises. The Suffolk County Legislature believed that the prohibition of the use of such packaging and the use of biodegradable packaging in lieu thereof would, *inter alia,* encourage the use of recyclable paper products which would slow the rapid filling of landfill space and enhance the quality of the environment in Suffolk County.

Between September of 1987 and March of 1988, the Suffolk County Legislature entertained arguments of both proponents and opponents of the Plastics Law at a series of public hearings before the full Suffolk County Legislature, its Environment and Energy Committee, and its advisory Counsel on Environmental Quality (hereinafter CEQ) *(see,* Suffolk County Code ch 279). In brief, representatives of various environmental and civic groups applauded the Plastics Law as an important step toward enhancing the quality of the environment by removing from the stream of refuse plastic waste products which could not be incinerated safely and which would not decompose in landfills or through composting. Numerous representatives of the plastics industry, however, testified and presented scientific and statistical evidence suggesting that the Plastics Law would actually harm the environment. Among the dangers cited by opponents to the law were allegations that paper food wrappers are not capable of economical recycling because they are breeding grounds ·for bacteria and thus these paper wrappers would end up in landfills where, because of their greater weight and volume, they would occupy more space than would a corresponding number of plastic wrappers. It was further argued that paper products, especially those bleached with chlorine, would leach harmful substances in landfills, whereas nonbiodegradable plastics would remain inert and thus would not pose a similar danger. There was also evidence that plastics contain a high BTU (British Thermal Unit) content, thus aiding the incineration process, and evidence that certain plastics could be safely incinerated without posing significant environmental harm. Concerns were also expressed regarding the greater need for increased tree harvesting to provide the raw materials for increased paper production, as well as for the environmental consequences caused by pollution from the manufacture of paper.

Despite having heard substantial evidence that the Plastics

Law would actually harm the environment, after completing an environmental assessment form (hereinafter EAF) the CEQ rendered a recommendation that pursuant to SEQRA, the Plastics Law constituted an unlisted action *(see,* 6 NYCRR 617.5 *et seq.)* posing no significant environmental effect. The Suffolk County Legislature, after further public hearings and consideration, ultimately adopted the CEQ's recommendation. Thereafter, as lead agency (6 NYCRR 617.6) the Suffolk County Legislature rendered a negative declaration pursuant to SEQRA determining that the Plastics Law would not pose any significant detrimental environmental impact.

We agree with the judgment of the Supreme Court insofar as it found that the Suffolk County Legislature failed to take the requisite "hard look" *(see, H.O.M.E.S. v New York State Urban Dev. Corp.,* 69 AD2d 222, 232) at the possible environmental consequences which might arise as a result of the implementation of the Plastics Law. Under SEQRA there exists a relatively low threshold to trigger the need for the preparation of an environmental impact statement (hereinafter EIS) *(see, Matter of Tehan v Scrivani,* 97 AD2d 769). An EIS is required for any action (ECL 8-0105 [4]) "which may have a significant effect on the environment" (ECL 8-0109 [2]). " 'The purpose of an [EIS] is to provide detailed information about the effect which a proposed action is likely to have on the environment, to list ways in which any adverse effects of such an action might be minimized, and to suggest alternatives to such an action so as to form the basis for a decision whether or not to undertake or approve such action' " *(Coalition for Responsible Planning v Koch,* 148 AD2d 230, 234). Given the broad range of potential environmental harms which the plaintiffs asserted would result from the implementation of the Plastics Law, we are constrained to agree with the Supreme Court that notwithstanding the Suffolk County Legislature's laudable intentions, an EIS was necessary to fully assess the environmental impact of the law.

Furthermore, the Suffolk County Legislature failed to articulate a reasonable elaboration for its negative declaration *(see, Matter of Greenpoint Renaissance Enter. Corp. v City of New York,* 137 AD2d 597, 600; *Matter of Fernandez v Planning Bd.,* 122 AD2d 139). Indeed, while it listed five environmentally beneficial effects it hoped would result from the enactment of the Plastics Law, it failed to articulate any basis for its rejection of the substantial evidence proffered by the plaintiffs that the law would actually harm the environment. While the

Suffolk County Legislature was not obligated to credit all of the evidence adduced by plaintiffs, especially in light of their significant economic interest in defeating this law, it should have articulated some reasons for its outright rejection of the plaintiffs' substantial evidence that the Plastics Law would harm the environment. Its failure to do so constitutes a clear violation of SEQRA, which requires the nullification of the "action" taken by this lead agency *(see, Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359, 368-369; *Golden v Metropolitan Transp. Auth.,* 126 AD2d 128, 132-133). Therefore, we grant the relief requested on the cross appeal.

We have reviewed the defendants' remaining contentions and find them to be without merit.

Accordingly, the order and judgment is affirmed insofar as appealed from, and reversed insofar as cross-appealed from, on the law, the provision of the third decretal paragraph thereof staying implementation of Local Laws, 1988, No. 10 of the County of Suffolk pending the preparation of an environmental impact statement is deleted, and a provision declaring that local law null and void *ab initio* is substituted therefor.

MOLLEN, P. J., BROWN, KOOPER and MILLER, JJ., concur.

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order and judgment is reversed insofar as cross-appealed from, on the law, the provision of the third decretal paragraph thereof staying implementation of Local Laws, 1988, No. 10 of the County of Suffolk pending the preparation of an environmental impact statement is deleted, and a provision declaring that local law null and void *ab initio* is substituted therefor; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.