■ LESLIE SUE FLOWERS CORP., Respondent, v J. M. FIELDS, INC., Appellant.—Order of the Supreme Court, New York County, entered September 10, 1975 granting plaintiff's motion for a protective order striking defendant's notice for discovery and inspection and denying defendant's cross motion to amend its answer so as to include the defense of commercial bribery, unanimously affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. In this action for goods sold and delivered, where an answer was served in June, 1973 and amended by stipulation in September, 1973 defendant by notice in May, 1975 sought numerous financial records. Responding to plaintiff's motion for a protective order defendant admitted that such discovery was not within the ambit of the pleadings, but was sought in order to determine whether plaintiff and a former employee of defendant had engaged in commercial bribery. Defendant thereupon cross-moved under CPLR 3025 (subd [b]) to amend its answer to allege by way of affirmative defense and counterclaim that plaintiff had bribed the former employee in order to induce the sales upon which the suit is founded. Although it appears defendant knew as early as June, 1972 that the former employee had accepted illegal payments from some of defendant's suppliers, there was nothing to show that he had ever received such payments from plaintiff. Defendant in seeking to excuse its delay in moving for leave to amend, claimed that it had attempted to negotiate with plaintiff's attorneys, without success however, to obtain information on which to reach a conclusion as to whether plaintiff and the former employee had engaged in the wrongdoing defendant suspected, and that it did not wish to raise the charge of commercial bribery in the formal pleadings without first attempting to substantiate such charge by informal investigation. Although, as defendant contends, leave to amend under CPLR 3025 (subd [b]) shall be freely given, some merit should be shown or valid reason advanced where there has been unreasonable delay in moving for the relief sought (*Greenberg v Bar Steel Constr. Corp.,* 27 AD2d 651). Here defendant's unacceptable excuse for its delay of several years, coupled with its failure to make a factual showing to sustain the proposed amendment warrants denial of its motion (*Greenberg v Bar Steel, supra*). Concur—Stevens, P. J., Markewich, Birns and Capozzoli, JJ.