■ CHARLES E. JUREWICZ et al., Appellants, v DIANE LUCARELLI, Respondent, and NEW YORK TELEPHONE COMPANY, Defendant and Third-Party Plaintiff-Respondent. TOWN OF ROTTERDAM, Third-Party Defendant-Respondent.—Appeals (1) from so much of an order of the Supreme Court at a Trial Term, entered October 17, 1979 in Schenectady County, as dismissed plaintiffs' amended complaint after plaintiffs' opening statement and denied plaintiffs' motion to interpose a further amended complaint, and (2) from the judgment entered thereon. The facts are undisputed. In August of 1973, Diane Lucarelli, one of the defendants, contacted the New York Telephone Company (telephone company), the other defendant, and claimed that she had been receiving obscene and threatening telephone calls, whereupon the telephone company installed a device known as a trap on her telephone which recorded all incoming calls. From 8:35 A.M. on September 9, 1973 to 12:53 A.M. on September 10, 1973, seven such telephone calls were recorded via the trap, and all calls were traced to a telephone which, according to the telephone company, was listed to Charles E. Jurewicz, one of the plaintiffs. The telephone company supplied the foregoing information to defendant Lucarelli by affidavit and, based upon that affidavit, she signed a criminal complaint in the local Town Justice Court, wherein she charged Charles E. Jurewicz with aggravated harassment. Charles E. Jurewicz was arrested, arraigned and acquitted after a jury trial. Sometime thereafter, Charles E. Jurewicz and his wife instituted this action, wherein they charged defendant Lucarelli with malicious prosecution and defendant telephone company with gross negligence. A malicious prosecution is one that is begun in malice, without probable cause to believe it can succeed, and which finally ends in failure (*Munoz v City of New York,* 18 NY2d 6). Upon the record herein, the plaintiffs, as a matter of law, were unable to establish either a lack of probable cause or malice. Defendant Lucarelli enlisted the aid of the telephone company and reasonably relied upon the information that was supplied her. The fact that such information later turned out to be erroneous or that Mr. Jurewicz was acquitted, does not indicate that the defendant's reliance was misplaced. One may act on what appears to be true, even if it turns out to be false (*Burt v Smith,* 181 NY 1, 6). In accordance with the general tariff on file with the Public Service Commission, the telephone company is not liable for damages arising from errors or mistakes made in obtaining or furnishing information concerning subscribers or users of telephone service or facilities, unless it can be shown that the telephone company is guilty of gross negligence or willful misconduct. In the instant case, there are no facts alleged in the pleadings or bills of particulars or otherwise set forth in the record upon which the plaintiffs could predicate a showing of gross negligence or willful misconduct. While the opening statement of plaintiffs' counsel is not contained in the printed record, there is a record of the discussion with the Trial Justice concerning the motion to dismiss, in which the plaintiffs' counsel sets forth plaintiffs' approach against the telephone company. It must be presumed that the

plaintiffs' opening was consistent with those remarks made by their counsel to the court (see *Gilbert v Rothschild,* 280 NY 66). Significantly, on appeal, the plaintiffs do not set forth any additional facts and circumstances upon which a finding in their favor against the telephone company could have been based. The practice of dismissing a complaint at the conclusion of the opening of counsel is not favored unless it is obvious that under no circumstances, and under no view of the testimony to be adduced, can plaintiff prevail *(Mortimer v East Side Sav. Bank,* 251 App Div 97; *Diglio v Rosoff Subway Constr. Co.,* 242 App Div 643). In the present case, the pleadings, the bills of particulars and the opening clearly and unequivocally indicate that the plaintiffs had no right to recover from either party. Accordingly, dismissal was proper. Finally, the plaintiffs contend that they should have been granted permission to amend their complaint. The plaintiffs have not demonstrated that they have a genuine prima facie case against either defendant. Indeed, the record clearly indicates that they do not have such a prima facie case. Consequently, the trial court did not abuse its discretion in refusing to grant plaintiffs leave to replead (see Siegel, New York Practice, § 275). The order and judgment appealed from should be affirmed. Order and judgment affirmed, with one bill of costs to respondents filing briefs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.