■ J. M. HEINIKE ASSOCIATES, INC., Respondent, v CHILI LUMBER COMPANY et al., Appellants. — Judgment unanimously affirmed, with costs. Memorandum: In this action for the purchase price of two sales of lumber in 1977, defendant William McCombs appeals from the judgment against him. The two issues on appeal are whether McCombs is liable in his individual capacity for this indebtedness, and whether the trial court erred in denying McCombs' motion, made orally upon the opening of trial, to amend his answer to plead the Statute of Frauds. McCombs is the president, secretary and treasurer, sole shareholder and only director of Chili Lumber, Inc. (Chili Lumber). His personal office and Chili Lumber's office are housed in the same small office building. In 1974 Donald Taft was the manager of Chili Lumber. The business relationship between plaintiff and defendants commenced in February, 1974

when Taft telephoned plaintiff's president, James Heinike, to order lumber. Heinike replied that plaintiff would do business with Chili Lumber only if the sales were made to Chili Lumber and McCombs jointly and severally. Taft agreed, and between 1974 and the end of 1977 there were 21 credit sales of lumber by plaintiff to Chili Lumber or, as plaintiff claims, to Chili Lumber and McCombs jointly and severally. Total sales amounted to approximately $85,000. All sales were initiated by calls from Taft or from Taft's successor as manager, Ronald Webb. After each order was received, plaintiff sent an acknowledgement of the order directed to "Chili Lumber Company and William McCombs jointly and severally" which contained the statement that: "The above is our interpretation and understanding of your order, and our acceptance is based thereon. If any error or misunderstanding is apparent, please advise within three (3) days." Neither McCombs nor any representative of Chili Lumber ever notified plaintiff that there was any error or misunderstanding in any of the orders. Checks in payment of the various sales were made by Chili Lumber and in two instances the checks were signed by McCombs. Chili Lumber became insolvent and ceased doing business in early 1978. Two checks in payment of two 1977 sales were received by plaintiff but were not honored because of insufficient funds. Plaintiff took default judgment against Chili Lumber in September, 1978, and the action was continued against McCombs. The case was tried without a jury and the trial court found it incredible that McCombs had no knowledge, prior to 1977, that he was being held responsible as a vendee, and further found that McCombs had personal knowledge of the exact nature of the transaction and "did nothing to alert the plaintiff to the fact that he was not responsible for the payment of the indebtedness." Those findings are supported in the record and provide an adequate basis for invoking the doctrine of ratification under which a party is held liable as a principal as a result of his affirmance of an act done by one who purports to be acting for the ratifier (Restatement, Agency 2d, §§ 82, 83, 85). It is not necessary that the person acting be the agent of the ratifier (Restatement, Agency 2d, § 92), and affirmance may be inferred from silence when, in the normal course of affairs, one who does not wish to consent would speak out (Restatement, Agency 2d, §§ 94, 95). Here, Taft and Webb purported to act for McCombs, and McCombs, knowing the nature of the transactions and that plaintiff would look to him for payment, ratified by his silence the agreement to bind him as a principal in the lumber purchases. The trial court also properly denied defendant's oral motion to amend his answer to plead the Statute of Frauds. His sole argument to the court was that leave to amend under CPLR 3025 (subd [b]) should be freely granted. He offered no excuse for his delay in making the motion, nor did he attempt to demonstrate that there was merit to the defenses. Where, as here, all pretrial proceedings had been completed and the case had long been certified as ready for trial, it was a proper exercise of discretion to deny the oral motion (*Leslie Sue Flowers Corp. v J. M. Fields, Inc.*, 55 AD2d 867; *Walter v LeCesse Corp.*, 54 AD2d 1136, and cases cited therein). In any event, in the circumstances of this case, the defenses would have have prevailed. (Appeal from judgment of Erie Supreme Court, Crowley, J. — breach of contract.) Present — Dillon, P. J., Cardamone, Hancock, Jr., and Denman, JJ.