■ PAUL W. EGGELING et al., Appellants, v COUNTY OF NASSAU, Respondent. — In a medical malpractice action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered November 10, 1981, as, upon reargument of their motion for leave to serve an amended bill of particulars, in effect adhered to the original determination denying said motion. Order affirmed, insofar as appealed from, with costs. When an amendment to a pleading or a bill of particulars is sought at or on the eve of trial, judicial discretion in allowing such an amendment should be " 'discreet, circumspect, prudent and cautious' " (*Smith v Sarkisian,* 63 AD2d 780, 781, affd for reasons stated in mem at App Div 47 NY2d 878, quoting *Symphonic Electronic Corp. v Audio Devices,* 24 AD2d 746; *Perricone v City of New York,* 96 AD2d 531). Moreover, the addition of the new allegations of medical malpractice contained in plaintiffs' proposed amended bill of particulars at a point in time remote from the original injury sustained in August, 1975 will result in substantial prejudice to defendant (see *Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23). Plaintiffs have also failed to submit an affidavit from the physician who allegedly discovered these new acts of negligence, in order to present a reasonable excuse for the delay in asserting these claims and to explain their merit (see *Perricone v City of New York, supra; De Rosa v Di Benedetto,* 86 AD2d 648; *Heinike Assoc. v Chile Lbr. Co.,* 83 AD2d 751; *Walden v Nowinski,* 63 AD2d 586). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.

■ JOSEPH FIRMAN, as Administrator of the Estate of MARGURITE FIRMAN, Deceased, Respondent, v FRANCIS L. BROMLEY, Appellant. — In a wrongful death action, defendant appeals from a judgment of the Supreme Court, Orange County (Green, J.), dated December 7, 1982, which, upon the court setting aside so much of the jury's verdict as apportioned fault between the parties and ruling as a matter of law that plaintiff's decedent was not contributorily negligent, is in favor of plaintiff and against her in the principal sum of $45,000. Judgment modified by reinstating the jury's apportionment of fault and thereupon reducing the principal sum awarded to $24,750. As so modified, judgment affirmed, with costs to defendant. The matter is remitted to the Supreme Court, Orange County, for entry of an appropriate amended judgment accordingly. Based on the evidence the jury could reasonably have found the decedent to be 45% negligent (see *Brookman v Public Serv. Tire Corp.,* 86 AD2d 591). We have reviewed defendant's other contention and find it to be without merit. Lazer, J. P., Thompson, O'Connor and Brown, JJ., concur.