■ JOSE RAIES, Respondent, v APPLE ANNIE'S RESTAURANT, Appellant.—In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated November 26, 1984, which, *inter alia,* granted plaintiff's motion for leave to serve an amended bill of particulars.

Order reversed, with costs, and motion denied.

Plaintiff, an employee of a cleaning company, sustained injuries when his left foot slipped into a deep fryer while removing a sticky filter over cooking units in defendant restaurant. Some three and one-half years after the initiation of the instant action and when trial was scheduled to proceed, plaintiff moved to amend his bill of particulars to allege (1) a ladder slipping on a slippery floor in the defendant restaurant as a contributing factor to the accident, and (2) violation by defendant of Labor Law §§ 200, 240 and 241. Trial Term granted the motion. We now reverse.

Although the general rule is that leave to amend "shall be freely given upon such terms as may be just" (CPLR 3025 [b]), when an amendment to a pleading or a bill of particulars is sought on the eve of trial, judicial discretion in allowing such an amendment shall be " 'discreet, circumspect, prudent and cautious' " *(Smith v Sarkisian,* 63 AD2d 780, 781, *affd for reasons stated in mem at App Div* 47 NY2d 878, quoting from *Symphonic Elec. Corp. v Audio Devices,* 24 AD2d 746; *Eggeling v County of Nassau,* 97 AD2d 395; *Perricone v City of New York,* 96 AD2d 531, *affd in part and appeal dismissed in part* 62 NY2d 661). Initially, it must be noted that in support of the instant motion, plaintiff failed to submit his own affidavit or one by a person having direct knowledge of the pertinent facts in order to explain the merit of the new claims and to present a reasonable excuse as to why this application was made more than three years after the service of the original bill of particulars and on the eve of trial *(see, Smith v Sarkisian, supra; De Rosa v Di Benedetto,* 86 AD2d 648; *Walter v LeCesse Corp.,* 54 AD2d 1136). Moreover, the addition at a point in

time remote from the original injury of a new ground for negligence based on a ladder sliding on a slippery floor will result in substantial prejudice to defendant, particularly since plaintiff in fact denied at his earlier examination before trial that the ladder he was using ever moved prior to the accident *(see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23, *reh denied* 55 NY2d 801; *Eggeling v County of Nassau, supra).* Finally, as plaintiff now concedes, amendment of the bill of particulars to incorporate sections of the Labor Law was unnecessary as reference to the Labor Law was already made in the original bill of particulars.

Under these circumstances, we conclude that granting leave to plaintiff to amend his bill of particulars was an improvident exercise of discretion *(see, Smith v Sarkisian, supra; Perricone v City of New York, supra).* Accordingly, the order appealed from should be reversed and the motion denied. O'Connor, J. P., Niehoff, Lawrence and Kooper, JJ., concur.