■ EMMA SCHROEDER, Respondent-Appellant, v BROOKLYN HOSPITAL, Appellant-Respondent, et al., Defendant.—In an action to recover damages for medical malpractice, (1) the defendant the Brooklyn Hospital appeals from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated November 1, 1984, as granted the plaintiff's cross motion for leave to serve an amended complaint only to the extent of permitting her to allege a cause of action based on negligent hiring, on the condition that she submit to a physical examination, and (2) the plaintiff cross-appeals from so much of the same order as granted the defendants' motion for summary judgment dismissing the complaint as against both defendants on the ground that it was barred by the Statute of Limitations.

Order modified, on the law, by deleting the fifth, sixth, seventh, and eighth decretal paragraphs thereof and substituting therefor a provision denying the plaintiff's cross motion. As so modified, order affirmed, insofar as appealed from, with costs to the appellant-respondent.

Although the defendant the Brooklyn Hospital (hereinafter the hospital) incorrectly described the order appealed from in its notice of appeal, this court may treat that notice as valid, and we do so here (see, CPLR 5520 [c]).

The plaintiff did not move to amend her complaint to specifically include a cause of action based on negligent hiring until September 1984, over five years after instituting her suit against the hospital, and one year after discovering the involvement of one Dr. Gudavalli in the operation performed upon the plaintiff at the hospital. During the interim, Dr. Freund, who was the hospital's chief of surgery, died. The proposed amended complaint includes a charge that the hospital negligently hired Dr. Gudavalli. The hospital's former employee, the late Dr. Freund, was in charge of hiring Dr. Gudavalli.

The plaintiff is guilty of laches because of the long delay in serving an amended complaint, coupled with the prejudice suffered by the hospital occasioned by the death of Dr. Freund (see, Weiss v Mayflower Doughnut Corp., 1 NY2d 310, 318; Stettine v County of Suffolk, 105 AD2d 109, 113, affd 66 NY2d 354). Thus, she may not be permitted to amend her complaint (see, Bertan v Richmond Mem. Hosp. & Health Center, 106 AD2d 362, 363). Furthermore, the plaintiff did not submit the necessary affidavits of merit or proffer an excuse for her delay in serving an amended complaint. The court, by granting

leave to serve an amended complaint without the submission by the plaintiff of such affidavits, improperly exercised its discretion *(see, Bertan v Richmond Mem. Hosp. & Health Center, supra,* at p 363; *cf. Ortiz v Bono,* 101 AD2d 812).

The hospital is not equitably estopped from asserting the Statute of Limitations, as any allegedly improper conduct on the part of Dr. Freund ceased prior to the expiration of the period of limitation *(see, Simcuski v Saeli,* 44 NY2d 442, 449-450; *Demille v Franklin Gen. Hosp.,* 107 AD2d 656, 657, *affd* 65 NY2d 728). Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.