(June 8, 1987)

■ ELSIE ALEXANDER, Appellant, v ISAIAH J. SELIGMAN, Respondent, et al., Defendant.—In a medical malpractice action, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Martin, J.), dated December 30, 1985, which, upon a trial ruling granting the defendant Isaiah J. Seligman's motion to dismiss the plaintiff's complaint as against him, made immediately after the plaintiff's opening statement, is in favor of the defendant Isaiah J. Seligman.

Ordered that the judgment is affirmed, with costs.

The trial court properly exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3025 (b) for leave to amend her complaint, which was made at the commencement of trial. The plaintiff's motion was not supported by an affidavit showing the merit of the proposed amendments, nor by an affidavit showing any reasonable excuse for the extensive delay in seeking leave to amend the complaint (see, Schroeder v Brooklyn Hosp., 119 AD2d 564-565, lv denied 68 NY2d 603; Raies v Apple Annie's Rest., 115 AD2d 599; Bertan v Richmond Mem. Hosp. & Health Center, 106 AD2d 362, 364; Eggeling v County of Nassau, 97 AD2d 395). Further, on the eve of the trial, judicial discretion in allowing such an amendment should be discreet, circumspect, prudent and cautious (see, Risucci v Homayoon, 122 AD2d 260, 261; Raies v Apple Annie's Rest., supra; Eggeling v County of Nassau, supra; Smith v Sarkisian, 63 AD2d 780, 781, affd 47 NY2d 878). It is undisputed that the plaintiff had knowledge of all of the information upon which she based her proposed amendments to her complaint immediately after the defendant Seligman's examination before trial in December 1981, and yet, without any excuse, failed to seek leave to amend her complaint

against him until October 28, 1985, the date of commencement of the trial *(see, Santorelli v New York City Tr. Auth.,* 121 AD2d 527). Moreover, the trial court properly found that the plaintiff's proposed amendments would have prejudiced the defendant Seligman since they alleged a new theory of liability against him based upon previously unalleged facts *(see, DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236, 240).

While dismissals after the plaintiff's opening statement are not favored, it cannot be said that the trial court abused its discretion pursuant to CPLR 4401 by dismissing the complaint in the instant case in which the plaintiff's counsel effectively conceded that he could not make out a prima facie case against the defendant Seligman within the parameters of the complaint without the proposed amendments which the plaintiff was properly denied leave to make *(cf., Seminara v Iadanza,* 131 AD2d 457; *Wilson v Schindler Haughton Elevator Corp.,* 118 AD2d 777; *O'Leary v American Airlines,* 100 AD2d 959, 960; *Jurewicz v Lucarelli,* 77 AD2d 751, 752).

We have reviewed the plaintiff's other contentions and find them to be without merit. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.