■ ELISA GIRARDI, as Administratrix of the Estate of ANGELINA FERRETTI, Deceased, Respondent-Appellant, v COMMUNITY HOSPITAL OF BROOKLYN, Appellant-Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the defendant Community Hospital of Brooklyn (hereinafter the hospital) appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated May 18, 1987, as granted that branch of the plaintiff's motion which was to amend her complaint insofar as it is asserted against the hospital to assert a claim for the decedent's conscious pain and suffering and granted another motion brought by her for leave to serve an amended bill of particulars to include the decedent's personal injuries, and the

plaintiff cross-appeals from so much of that same order as denied that branch of her motion which was to amend the ad damnum clause of the complaint to include a claim for punitive damages against the defendant hospital.

Ordered that the order is affirmed, insofar as appealed from, and cross-appealed from without costs or disbursements, and the plaintiff's time to serve an amended complaint and bill of particulars is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry.

On May 7, 1985, the plaintiff's decedent, a 79-year-old comatose patient who had been institutionalized at the defendant hospital since February 10, 1985, was allegedly assaulted by the defendant James McCauley, an orderly employed by the hospital. Although the incident was witnessed by a registered nurse who was making her intravenous rounds at the time, it was not reported to hospital officials until two days later due to the nurse's expressed fear of coming forward. Both the family of the patient and the police were apprised of the incident at that time and the matter was referred to the sexual abuse unit for investigation. When hospital officials confronted him with the aforesaid allegations, the defendant McCauley chose to resign rather than face being discharged from his employment. The patient died at the defendant hospital on May 18, 1985.

An action to recover damages based on the decedent's personal injuries and wrongful death and the hospital's alleged negligence in its hiring practices was thereafter commenced by the plaintiff, the decedent's daughter and administratrix. In response to the hospital's demand for a bill of particulars with respect to the injuries claimed, the plaintiff's sole response was "Wrongful death". After her initial motion for leave to serve an amended complaint was denied without prejudice to renew upon the completion of discovery, the plaintiff brought two separate motions, *inter alia,* for leave to serve an amended complaint and bill of particulars. The order appealed from granted that branch of the plaintiff's first motion which was for leave to serve an amended complaint, denied that branch of that motion which was to amend the ad damnum clause of the complaint to include a claim for punitive damages against the defendant hospital, and granted her separate motion for leave to serve an amended bill of particulars to include allegations of the decedent's pain and suffering.

It is well settled that motions to amend pleadings and bills of particulars shall be freely given upon such terms as may be just with the decision to allow or disallow the amendment

committed to the court's discretion (CPLR 3025 [b]; *Barnes v County of Nassau,* 108 AD2d 50, 52; *see also, Koch v St. Francis Hosp.,* 112 AD2d 142; *Scarangello v State of New York,* 111 AD2d 798). "While a court has broad discretion in deciding whether leave to amend should be granted, it is considered an improvident exercise of discretion to deny leave to amend in the absence of an inordinate delay and a showing of prejudice to the defendant" *(Scarangello v State of New York, supra,* at 799). "It is likewise true that the merits of a proposed amendment will not be examined on the motion to amend—unless the insufficiency or lack of merit is clear and free from doubt" *(Norman v Ferrara,* 107 AD2d 739, 740; *accord, Island Cycle Sales v Khlopin,* 126 AD2d 516, 518).

In the instant case, the hospital was clearly not prejudiced by the plaintiff's amendments concerning the decedent's personal injuries. As aptly recognized by the trial court, "[t]he original complaint, while inarticulately drawn, gave notice of allegations that Angelina Ferretti [the decedent] became 'sick, sore, lame, and disabled' as a result of the alleged assault". The plaintiff's applications to serve an amended complaint and bill of particulars with respect to the decedent's injuries did not constitute an attempt to add new causes of action *(cf., Simino v St. Mary's Hosp.,* 107 AD2d 800), but, rather, were intended to add more detailed language with respect to previously asserted allegations of personal injury. Without passing on the merits of the proposed amendments, we conclude that the Supreme Court, Kings County, did not abuse its discretion in granting the plaintiff leave to amend her complaint and bill of particulars to this extent.

With respect to the application to amend the ad damnum to include a claim for punitive damages, however, the amendment sought to be interposed was palpably insufficient as a matter of law *(Island Cycle Sales v Khlopin, supra,* at 518). The record contains no evidence that the hospital was guilty of gross recklessness or intentional, wanton or malicious conduct aimed at the public generally *(see, Gravitt v Newman,* 114 AD2d 1000, 1002; *Guion v Associated Dry Goods Corp.,* 43 NY2d 876, 878, *rearg denied* 44 NY2d 732). Even if McCauley's Marine Corps record had been obtained by the hospital prior to its decision to hire him, there was no indication thereon of any criminal propensities. Moreover, the record bears no indication whatsoever that the defendant hospital at any point authorized, participated in or ratified McCauley's conduct *(see, Murray v Long Is. R. R. Co.,* 35 AD2d 579, *affd* 28 NY2d 849). Under the circumstances, the arguments raised

on the plaintiff's cross appeal are without merit. Thompson, J. P., Brown, Lawrence and Weinstein, JJ., concur.