■ In the Matter of HAR ENTERPRISES, Appellant, v TOWN OF BROOKHAVEN, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Brookhaven dated January 20, 1987, which rezoned the petitioner's property from commercial to residential, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered February 9, 1988, which, *inter alia,* denied its motion for partial summary judgment and granted the defendant's motion to dismiss the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner contends that the negative declaration of the Town Board of the respondent Town of Brookhaven was not issued in accordance with the requirements of the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) and the implementing regulations (6 NYCRR part 617) and that, therefore, the rezoning is null and void.

Because the only substantive allegation of potential injury from the rezoning claimed by the petitioner is an economic one, the petitioner lacks standing to bring this proceeding. It is well established that economic injury, without more, is not within the "zone of interests" to be protected by SEQRA and cannot serve as a basis for standing under the statute *(see, Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9; *Glen Head-Glenwood Landing Civic Council v Town of Oyster Bay,* 88 AD2d 484; *Bliek v Town of Webster,* 104 Misc 2d 852).

In any event, the record discloses that the respondent complied with the mandates of SEQRA. Before making its determination of the environmental insignificance of the proposed rezoning, the Town Board identified the relevant areas of environmental concern, took a hard look at them and made a "reasoned elaboration" (6 NYCRR 617.6 [g] [2] [iv]) for the basis of its determination *(see, Matter of Tehan v Scrivani,* 97 AD2d 769; *Glen Head-Glenwood Landing Civic Council v Town of Oyster Bay, supra; Matter of Rye Town/King Civic Assn. v Town of Rye,* 82 AD2d 474, *lv dismissed* 56 NY2d 985, *rearg denied* 57 NY2d 775; *cf., Matter of Holmes v Brookhaven Town Planning Bd.,* 137 AD2d 601, *lv denied* 72 NY2d 807; *Matter of Fernandez v Planning Bd.,* 122 AD2d 139). Moreover, we find significant that the challenged zoning amendment, which rezoned the petitioner's commercially zoned property to the residential zoning status of the surrounding area, was enacted in response to community demand to benefit and preserve the environment, which is in keeping with the purpose of SEQRA. Accordingly, the Supreme Court properly dismissed the petition.

We have examined the petitioner's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.