■ F.M.V. REALTY Co., Appellant, v PATRICK R. VECCHIO et al., Constituting the Town Board of the Town of Smithtown, et al., Respondents.—In an action, *inter alia*, for a judgment declaring a resolution of the defendant Town Board of the Town of Smithtown dated March 24, 1987, which rezoned the plaintiff's property, void, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated December 9, 1987, which, upon granting the defendants' mo-

tion for summary judgment, declared the resolution valid and dismissed the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

The defendant Town Board of the Town of Smithtown (hereinafter the Town Board) adopted a resolution rezoning the plaintiff's property from a neighborhood business to a residential use after issuing a declaration pursuant to the State Environmental Quality Review Act (hereinafter SEQRA [ECL art 8]) averring that the rezoning would not have a significant effect on the environment. The plaintiff sought to set aside the resolution based in part on the Town Board's alleged failure to comply with SEQRA requirements.

The evidence presented to the Supreme Court established that the Town Board identified the relevant areas of environmental concern, examined them, and made a "reasoned elaboration" supporting its determination of nonsignificance (see, Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400; Matter of Fernandez v Planning Bd., 122 AD2d 139; Matter of Tehan v Scrivani, 97 AD2d 769). Summary judgment in favor of the defendants was therefore appropriate on this cause of action. We have not considered the plaintiff's other contentions regarding this cause of action inasmuch as they have been raised for the first time on appeal. In any event, we note that the rezoning was accomplished in part to limit the adverse impact of development near the Nissequogue River and that such a goal is consistent with the purpose of SEQRA (see, e.g., Matter of Har Enters. v Town of Brookhaven, 145 AD2d 562).

The court properly dismissed those causes of action which alleged that the rezoning was discriminatory and confiscatory. The defendants offered evidence that the rezoning was consistent with the town's comprehensive zoning plan and its plan for development of the Nissequogue River corridor. The plaintiff did not contradict a statement made by the town's Planning Director that a parcel across the street from its property had been previously rezoned from neighborhood business to residential use. This evidence established the propriety of the treatment of the plaintiff's property relative to neighboring properties (see, Udell v Haas, 21 NY2d 463), and the facts presented by the plaintiff were insufficient to support its claim of discriminatory zoning.

To prevail on its claim of confiscatory zoning, the plaintiff is required to establish that the land would not yield a reason-

able return if used for any permitted purpose (see, Megin Realty Corp. v Baron, 46 NY2d 891; McGowan v Cohalan, 41 NY2d 434). Evidence was offered that, even with the rezoning, the present use of the property as a flea market could continue as a nonconforming use. Generally, a zoning change will not be considered confiscatory if a nonconforming use of the property is allowed (see, e.g., Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492; Peekskill Suburbs v Morabito, 51 NY2d 941). The plaintiff failed to present any facts which would establish that the property as presently zoned would not yield a reasonable return. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.