■ JOHN M. GARZA et al., Respondents, v VICO UTILITIES, INC., et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by

their brief, from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated January 15, 1988, as denied that branch of their motion which was for leave to serve an amended answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this automobile accident case, the plaintiffs commenced suit against the defendant VICO Utilities, Inc. (hereinafter VICO) as owner of the offending vehicle, and the defendant "Ernesto M. Colon" as the driver of the vehicle. By failing to deny in their answer the allegation in the complaint that Colon was driving the vehicle with VICO's permission, the defendants admitted that that was the case. In November 1987 after the Statute of Limitations had expired, the defendants moved, *inter alia,* for leave to serve an amended answer denying that the defendant Colon was authorized to drive the vehicle. It appears that Ernesto M. Colon, Sr. is an employee of VICO, while Ernesto M. Colon, Jr. is not. The defendants claimed that it was only after disclosure had progressed during the course of a year that they realized that the younger Colon was actually the driver of the vehicle at the time of the accident. Based upon the facts presented, the Supreme Court did not improvidently exercise its discretion in denying the defendants leave to serve an amended answer.

Although CPLR 3025 (b) provides that leave to amend pleadings "shall be freely given" *(see also, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757), it should not be granted where the opposing party will be prejudiced thereby *(see, Leon v Montano,* 119 AD2d 553, 554). The determination of whether to grant or deny a motion for leave to serve an amended pleading is left to the sound discretion of the trial court *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959), which discretion "will not lightly be set aside" *(Beuschel v Malm,* 114 AD2d 569).

Although the defendants were in possession of the police report within a few days after issue was joined, and had sufficient time to serve an amended answer without seeking leave of the court *(see,* CPLR 3025 [a]), they inexplicably waited for over a year before seeking leave. The police report listed the driver's birth date from which the defendants could easily have determined which of the Colons was driving the vehicle. Unlike the defendants, the plaintiffs would have had no way of knowing that there were two Ernesto M. Colons. By waiting, without a reasonable explanation, until after the Statute of Limitations had expired, the defendants acted to

the prejudice of the plaintiffs *(see, Pefanis v Long,* 114 AD2d 806; *Dougherty v Lupe Constr. Co.,* 98 AD2d 868; *De Fabio v Nadler Rental Serv.,* 27 AD2d 931). Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.