■ BRIAN MAYO et al., Appellants, v COUNTY OF WESTCHESTER et al., Respondents.—In an action to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered November 24, 1987, as denied their motion for leave to amend the complaint to allege a cause of action under 42 USC § 1983.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action to recover damages for mental anguish, pain and humiliation following a confronta-

tion with the defendants, Westchester County police officers. The complaint included a cause of action under 42 USC § 1983 in which the plaintiffs alleged that they were threatened, pummelled and detained by the officers in violation of their constitutional rights. In October 1985, the Supreme Court granted the defendants' motion to dismiss the section 1983 claim, without prejudice, on the ground that it failed to state a cause of action. Nearly two years later, the plaintiffs brought the instant motion for leave to amend the complaint to add a section 1983 cause of action. The court found that the proposed amended complaint did not include allegations sufficient to remedy the defect in the initial pleading and denied the motion.

In view of this extended delay in serving an amended complaint, the plaintiffs were required to submit an affidavit from a person with direct knowledge of the facts explaining the delay and the merits of their claim *(see, e.g., Alexander v Seligman,* 131 AD2d 528; *Schroeder v Brooklyn Hosp.,* 119 AD2d 564; *Raies v Apple Annie's Rest.,* 115 AD2d 599). The absence of such an affidavit here warrants the denial of the plaintiffs' motion. The plaintiffs submitted an affirmation by their attorney in which he asserted that the amendment was sought because of newly disclosed evidence. That assertion is not supported by the record since essentially the same facts surrounding the incident are alleged in the amended complaint as were alleged in the previous complaint. The plaintiffs relied on statements made by the defendant officers to a member of the police department's Special Investigations Unit in order to establish that the proposed cause of action based upon 42 USC § 1983 had merit. However, those statements do not indicate that the officers employed the undue force necessary to sustain a section 1983 cause of action *(see, Johnson v Glick,* 481 F2d 1028, *cert denied sub nom. John v Johnson,* 414 US 1033), or that the brief detention of the plaintiffs was unreasonable under the circumstances. Brown, J. P., Eiber, Kooper and Rosenblatt, JJ., concur.