◼ In the Matter of BIG V SUPERMARKETS, INC., Appellant, v TOWN OF WALLKILL et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Town of Wallkill Planning Board approving the construction of the Wallkill Town Center, a retail shopping center, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Hickman, J.), dated July 19, 1989, as upon granting the motion by the County of Orange, Louis Heimbach, the Orange County Department of Public Works and Louis Cascino, the cross motion by Joseph Scali, Alfred Barone and the Scali/Barone Partnership, and the separate cross motion by the Town of Wallkill, Dennis Cosgrove, the Planning Board of the Town of Wallkill and Joseph F. Moliterno to dismiss the petition, dismissed the petition.

Ordered that the order and judgment is affirmed insofar as

appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly dismissed the petition on the ground that the petitioner lacked standing. The distance of the petitioner's premises from the proposed Wallkill Town Center project creates no inference of injury in fact (see, *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 414; *Matter of Kucinski v Zoning Bd. of Appeals,* 148 AD2d 612). Absent this inference, the petition does not allege any special injury, other than that of increased competition, which the petitioner would suffer over and above that of the general community. Inasmuch as protection from increased competition is not one of the interests protected by Environmental Conservation Law article 8, the proceeding was properly dismissed (see, *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra; Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9; *Matter of Kucinski v Zoning Board of Appeals, supra; Matter of Har Enters. v Town of Brookhaven,* 145 AD2d 562, *lv granted* 74 NY2d 601).

There is also no special injury alleged with respect to the construction of the .57-mile-long Schutt Road extension which can be considered as being different in kind and degree from the general community. Indeed, we note that the improvement of roadways is normally of benefit to commercial interests such as the petitioner and the petitioner cannot be said to be aggrieved thereby. Accordingly, this challenge also fails for lack of standing. Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.