*150 OPINION OF THE COURT
William H. Keniry, J.
Defendant doctors in this malpractice action move for an order pursuant to CPLR 3042 and 3043 precluding plaintiff from introducing evidence at trial concerning new allegations of malpractice allegedly first set forth in plaintiffs amended bill of particulars served on May 23, 1989 upon the grounds that such additional allegations of malpractice were first alleged after the filing of the certificate of readiness by plaintiff and that such additional claims greatly prejudice the defendants’ defense. In the alternative, defendants seek to strike the certificate of readiness and/or stay the scheduling of the malpractice panel pending additional discovery with respect to the newly disclosed allegations. Plaintiff opposes the motion.
The motion raises an interesting interplay between CPLR 3042 (g) which allows a party to amend his or her "bill of particulars once as of course before trial, prior to the filing of a note of issue” and section 202.56 of the Uniform Rules for Trial Courts (22 NYCRR 202.56) which sets forth special rules governing the prosecution of malpractice actions. Under 22 NYCRR 202.56 (d), the plaintiff, once all pretrial procedures are completed, is required to file a statement of readiness as a precondition to the convening of a malpractice panel and is precluded from filing a note of issue until the panel proceedings are held. In most other actions, the statement of readiness and note of issue are filed simultaneously. In malpractice claims, a two-stage filing is now mandated.
This case involves a situation wherein plaintiff has filed an amended bill of particulars after filing her statement of readiness but before filing a note of issue. The plaintiff’s statement of readiness was filed on April 27, 1989. A malpractice panel hearing has not been held. The amended bill of particulars was filed on May 23,1989.
The court has reviewed the amended bill of particulars and concludes that the most significant additional allegations of malpractice center around the claim that defendants failed to properly diagnose plaintiff’s condition preoperatively, performed an unnecessary and/or contraindicated hysterectomy without considering alternative treatment and perforated the plaintiff’s colon during surgery resulting in infection.
A comparison of the amended bill of particulars with the original bill of particulars establishes that the plaintiff’s ini *151 tial claims, although stated in a less detailed manner, were essentially the same as set forth in the amended bill. The original bill specifies that the defendants failed to adequately comprehend and diagnose the nature of the plaintiff's condition and that an infection occurred postoperatively. Defendants’ moving papers fail to adequately support the claim of “great prejudice” to their defense resulting from the allegations set forth in the amended bill.
The issue becomes one of whether plaintiff was entitled as of right to amend under CPLR 3042 (g) or whether permission to amend under CPLR 3025 (b) is necessary, thus requiring plaintiff to establish an adequate reason for her delay and a showing of merit (March v St. Volodymyr Ukranian Catholic Church, 117 AD2d 864; Eggeling v County of Nassau, 97 AD2d 395).
The court concludes that CPLR 3042 (g) controls and that even though a statement of readiness has been filed, a party in a medical malpractice action may amend his or her bill of particulars as of right before the note of issue is filed. Indeed a situation such as this where the statement of readiness is filed prior to the note of issue was envisioned at the time CPLR 3042 (g) was enacted in 1978 (see, Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3042:16,1990 Pocket Part, at 268). Plaintiff is entitled to rely upon CPLR 3042 (g) and her amended bill of particulars will not be vacated. The defendants’ motion is denied, without costs.