■ HYPERTRONICS INC., Appellant, v DIGITAL EQUIPMENT CORPORATION, Respondent.—In an action, *inter alia,* to recover damages for fraud and for an accounting, the plaintiff appeals, as limited by its brief, from (1) an order of the Supreme Court, Kings County (I. Aronin, J.), dated September 19, 1988, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion, *inter alia,* for leave to serve a supplemental complaint pursuant to CPLR 3025 (b), and (2) a judgment of the same court, entered October 12, 1988, which is in favor of the defendant and against it, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

It is well settled that, while leave to serve a supplemental or amended pleading shall be freely granted *(see,* CPLR 3025 [b]), such a motion is committed to the sound discretion of the trial court *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942), and the resulting determination "will not lightly be set aside" *(Beuschel v Malm,* 114 AD2d 569; *see also, Garza v VICO Utils.,* 150 AD2d 520, 521).

The record reveals that some three years after commencement of its lawsuit, and in response to the defendant's motion for summary judgment, the plaintiff sought, *inter alia,* leave to serve a supplemental complaint alleging factual transactions which occurred prior to the commencement of the action but were different from those previously alleged, and two entirely different legal theories of liability from those alleged in its original complaint. The Supreme Court granted the defendant's motion for summary judgment dismissing the original complaint and denied the plaintiff leave to serve the supplemental complaint. On appeal, the plaintiff does not argue that the court erred in concluding that its original complaint was legally insufficient, but contends, *inter alia,* that the court erred in denying it leave to serve a supplemental complaint. We disagree and affirm.

As the Supreme Court properly observed, the plaintiff permitted three years to elapse, during which discovery proceeded on its original legal theories, before it sought leave to serve a supplemental complaint. Moreover, the plaintiff failed to file an affidavit establishing the merit of the proposed supplemental complaint, or a reasonable excuse for its delay in seeking leave to serve it *(see, Mayo v County of Westchester,* 154 AD2d 516; *Alexander v Seligman,* 131 AD2d 528, 529; *Schroeder v Brooklyn Hosp.,* 119 AD2d 564). Notably, there is no contention that the plaintiff lacked knowledge of the facts underlying its supplemental complaint prior to the commencement of the action. The trial court properly found that granting the plaintiff leave to serve the proposed supplemental complaint would prejudice the defendant since it alleged new theories of liability based upon facts not previously alleged *(see, Alexander v Seligman, supra).*

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Kunzeman, J. P., Kooper, Sullivan and Miller, JJ., concur.