■ REDCO, Appellant, v TOWN OF OYSTER BAY et al., Respondents.—In an action pursuant to 42 USC §§ 1983 and 1988, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Levitt, J.), dated September 15, 1988, which, *inter alia,* denied its motion for leave to serve a second amended complaint, and (2) so much of an order of the same court dated February 22, 1989 as denied that branch of its motion which was for reargument of its motion for leave to serve a second amended complaint.

Ordered that the appeal from the order dated February 22, 1989 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 15, 1988 is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff moved, *inter alia,* to serve a second amended complaint in which it sought to include a cause of action based upon an unconstitutional taking by the defendant Town of Oyster Bay, as well as a claim premised upon fraud and coercion. The Supreme Court denied the plaintiff's motion in its entirety. We find no reason to disturb this determination.

The decision to grant a motion to amend a pleading is a matter of judicial discretion to be determined on a case-by-case basis *(see, Fulford v Baker Perkins, Inc.,* 100 AD2d 861). Upon a review of the record, we find that the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was to amend its complaint.

In order to show that an unconstitutional taking has occurred, a landowner must prove that the land cannot yield an economically reasonable return as zoned *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Tilles Inv. Co. v Town of Huntington,* 137 AD2d 188, *affd* 74 NY2d 885). It is not enough to prove that the land would be more valuable under a less restrictive class *(Tilles Inv. Co. v Town of Huntington, supra).* At bar, the subject property is located in a residential district, and the plaintiff failed to present any facts which would establish that the property as presently zoned would not yield a reasonable return *(see, F.M.V. Realty Co. v Vecchio,* 150 AD2d 423).

Moreover, the plaintiff offered no valid explanation why the allegations of fraud and coercion were not contained in the original complaint, nor any excuse for the long delay in making the instant motion. Thus, we find that the denial of

the plaintiff's motion was proper for this reason as well *(see, Schroeder v Brooklyn Hosp.,* 119 AD2d 564). Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.