■ VINCENT NAPOLI et al., Appellants, v CANADA DRY BOTTLING COMPANY OF NEW YORK, INC., Respondent, et al., Defendants.—In an action to recover damages, *inter alia,* for the wrongful termination of the plaintiffs' soft drink distribution route, the plaintiffs appeal from an order of the Supreme Court, Kings County (Vinik, J.), entered May 9, 1988, which denied their motion for leave to serve a second amended complaint.

Ordered that the order is affirmed, with costs.

While leave to serve a supplemental or amended pleading shall be freely granted *(see,* CPLR 3025 [b]), such a motion is committed to the sound discretion of the trial court *(see, Edenwald Contr. Co v City of New York,* 60 NY2d 957; *Hypertronics Inc. v Digital Equip. Corp.,* 159 AD2d 607), and the resulting determination "will not lightly be set aside" *(Beuschel v Malm,* 114 AD2d 569; *see also, Garza v VICO Utils.,* 150 AD2d 520, 521).

The record reveals that more than five years after commencement of this action, the plaintiffs sought leave to serve a second amended complaint alleging factual transactions which occurred prior to the commencement of the action but were different from those previously alleged, and entirely different legal theories of liability from those alleged in both the original, and the first amended complaint. The Supreme Court denied the plaintiffs leave to serve a second amended complaint, noting that the granting of the motion would renew discovery proceedings to the prejudice of the defendant Canada Dry Bottling Company of New York, Inc.

As the Supreme Court properly observed, the plaintiffs permitted almost four years to elapse, during which discovery proceeded on the original legal theories, before they sought leave to serve a second amended complaint. Moreover, the plaintiffs failed to provide reasonable excuses for their delay in seeking leave to serve it *(see, Mayo v County of Westchester,* 154 AD2d 516, 517; *Alexander v Seligman,* 131 AD2d 528). The delay is not excused where, as here, the plaintiffs fail to realize the applicability of certain legal theories to the facts of the case and therefore fail to assert those theories in a timely manner *(see, Garza v VICO Utils., supra; Gallo v Aiello,* 139 AD2d 490).

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.