■ CARROLL B. STOIANOFF, Appellant, v ARTHUR FRANCIS et al., Defendants, and PROFESSIONAL CARE, INC., Respondent.— In a negligence action to recover property damages, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered January 4, 1990, as, upon reargument, adhered to its prior determinations, dated December 6, 1989 and December 7, 1989, which, respectively, denied his motion for leave to serve an amended complaint and transferred the case to the Village Court of Briarcliff Manor.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3025 (b) for leave to serve an amended complaint which was made on the eve of trial. Although leave to serve an amended pleading is to be freely granted (see, CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957; McCaskey, Davies & Assocs. v

*New York City Health & Hosps. Corp.,* 59 NY2d 755), a motion for that relief is committed to the sound discretion of the trial court *(see, Edenwald Contr. Co. v City of New York, supra,* at 959) and the resulting determination should not be lightly set aside *(see, Hypertronics Inc. v Digital Equip. Corp.,* 159 AD2d 607, 608; *Garza v VICO Utils.,* 150 AD2d 520, 521). Furthermore, the court in determining whether to allow the amendment, generally will not examine the merits of the proposed amendment "unless the insufficiency or lack of merit is clear and free from doubt" *(Norman v Ferrara,* 107 AD2d 739, 740; *accord, Girardi v Community Hosp.,* 137 AD2d 788, 790; *Island Cycle Sales v Khlopin,* 126 AD2d 516, 518).

Turning to the facts at bar, we find that the amendments which the plaintiff seeks to interpose are distinct from the original negligence cause of action upon which recovery only for property damage was sought and are based upon previously unalleged facts. Thus, to permit the plaintiff to assert the amended causes of action nearly nine years after the action was commenced and on the eve of trial would needlessly prolong the action to the remaining defendant's detriment *(see, Alexander v Seligman,* 131 AD2d 528). In any event, the amended causes of action are clearly lacking in merit.

We have reviewed the plaintiff's remaining contention and find it to be without merit. Thompson, J. P., Brown, Harwood and Balletta, JJ., concur.