■ KATHLEEN SCOTT et al., Appellants, v GENERAL MOTORS CORPORATION et al., Respondents, et al., Defendant. [609 NYS2d 252] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from stated portions of an order of the Supreme Court, Queens County (Smith, J.), dated January 13, 1992, which, *inter alia,* denied those branches of their motion which were for leave to serve an amended complaint adding a claim for punitive damages and increasing the ad damnum clause, and for leave to serve an amended bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

We do not accept the plaintiffs' contention that the Supreme Court erred in denying their motion to amend certain allegations of the complaint and bill of particulars and increase the ad damnum clause of the complaint to include punitive damages. While it is firmly established that leave to amend a pleading shall be freely granted *(see,* CPLR 3025 [b]), a motion to amend is committed to the broad discretion of the trial court, and the resulting determination will not lightly be set aside *(see, Citrin v Royal Ins. Co.,* 172 AD2d 795; *Napoli v Canada Dry Bottling Co.,* 166 AD2d 696; *Redco v Town of Oyster Bay,* 160 AD2d 984; *Garza v VICO Utils.,* 150 AD2d 520).

The proposed factual allegations would add new theories of liability as to the knowledge of the defendant General Motors Corporation of any prior complaints or notice of any defect nine years after the injury, eight years after the commencement of the action, and after the plaintiffs filed a note of issue and withdrew the case from the trial calendar on two occasions.

Additionally, the plaintiffs' motion was not supported by an affidavit showing the merit of the proposed amendments, nor by any affidavit showing a reasonable excuse for the extensive delay in seeking leave to amend the pleadings. General Motors Corporation would be prejudiced through the assertion of a new theory of liability, *i.e.,* that it had prior notice of a defect, to which Canada Dry Bottling Co. of N. Y. had only conclusorily alluded in the motion *(see, Marks v Radmin,* 163 AD2d 368; *Napoli v Canada Dry Bottling Co., supra; Hyper-*

*tronics Inc. v Digital Equip. Corp.*, 159 AD2d 607; *Gallo v Aiello*, 139 AD2d 490; *Alexander v Seligman*, 131 AD2d 528; *Raies v Apple Annie's Rest.*, 115 AD2d 599).

The case of *Masaki v General Motors Corp.* (71 Haw 1, 780 P2d 566), relied upon by the plaintiffs, is inapposite. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.