■ Frances Allen et al., Appellants, v Arthur L. Vuley et al., Respondents. [635 NYS2d 821] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Viscardi, J.), entered September 9, 1994 in Essex County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

In the summer and fall of 1989, defendants Arthur L. Vuley and Merry D. Vuley (hereinafter collectively referred to as defendants), whose real property abuts parcels owned by the two plaintiffs, hired defendant Robert Ward to cut timber on their land. Although Arthur Vuley avers that he gave Ward a map of the property and walked the perimeter—which was delineated by blazed and painted trees, and iron pipes—with him, Ward nevertheless cut trees located on plaintiffs' lands, prompting this action, which was commenced in August 1990. Defendants answered and cross-claimed against Ward. Defendants' initial motion for summary judgment, brought in August 1991, was denied without prejudice to renewal after discovery was conducted.

In March 1993, plaintiffs settled with Ward, released him from further liability and also agreed to indemnify him against any claims or demands arising out of defendants' cross claim. In November 1993, defendants, having answered plaintiffs' interrogatories and supplementary interrogatories, again moved for summary judgment dismissing the complaint. Plaintiffs opposed the motion, arguing that it was still premature because they had not yet been able to depose defendants, and cross-moved for leave to amend the complaint to add causes of action sounding in negligent hiring and unjust enrichment. Supreme Court, finding that defendants would be entitled to indemnification from Ward with respect to any judgment against them, and that because of the releases plaintiffs would ultimately bear the responsibility for paying the judgment, dismissed the complaint on an "indemnity cycle" theory (*cf.*, *Mauro v McCrindle*, 70 AD2d 77, 84, *affd* 52 NY2d 719). Plaintiffs' cross motion was also denied and they appeal.

We agree that summary judgment is appropriate, but reach that conclusion by a path different from that taken by Supreme Court. In our view, plaintiffs have simply not proffered evidence sufficient to raise any material question of fact as to defendants' liability in the first instance. As defendants are entitled to dismissal of the complaint on the merits, there is no need to reach the questions presented by their cross claim.

In support of their motion, defendants submit Arthur Vuley's affidavit, as well as their interrogatory answers, which demonstrate that they did not control or supervise the method or means utilized by Ward in his timbering activities, and thus amply support their contention that he acted as an independent contractor (*see, Berger v Dykstra*, 203 AD2d 754, *lv dismissed, lv denied* 84 NY2d 965). In addition, defendants note that plaintiffs do not assert in their bills of particulars that defendants directed Ward to trespass or that the claimed trespass was necessary to complete the task assigned. Accordingly, defendants have met their initial burden of demonstrating their right to judgment by establishing that Ward was an independent contractor, and therefore they are not liable for his negligent acts (*see, supra; Kormanyos v Champlain Val. Fed. Sav. & Loan Assn.*, 182 AD2d 1036, 1037-1038; *Whitaker v McGee*, 111 AD2d 459, 462).

In response, plaintiffs argue only that the motion should not have been entertained because they still wish to depose defendants. Plaintiffs, however, have had ample opportunity to obtain the information they consider necessary to oppose a summary judgment motion. There is no reason to delay judgment to enable plaintiffs to engage in further discovery merely because they speculate that they might discover something that will prove their case (*see, Plotkin v Franklin*, 179 AD2d 746).

Nor did Supreme Court err in denying plaintiffs' cross motion to amend the complaint. Resolution of such a motion is committed to the trial court's sound discretion, the exercise of which will not lightly be set aside (*see, Ross v Ross*, 143 AD2d 429; *cf., Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959). Where, as here, leave to amend the complaint is not sought until several years after the moving party was first made aware of the facts upon which the proposed amendment is predicated, no satisfactory excuse for the delay is tendered, new causes of action based on different factual aspects of the underlying transactions are belatedly proposed, and there is a possibility that evidence has been lost in the interim, we cannot say that denial of the motion is improvident (*see, Scott v*

*General Motors Corp.*, 202 AD2d 570; *Mathiesen v Mead*, 168 AD2d 736, 737; *Alexander v Seligman*, 131 AD2d 528, 528-529; *Beuschel v Malm*, 114 AD2d 569).

Mikoll, J. P., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.