■ RAOUL A. CARRANZA, Plaintiff, v BROOKLYN UNION GAS COMPANY, Defendant and Third-Party Plaintiff-Appellant. CITY OF NEW YORK, Third-Party Defendant-Respondent. [649 NYS2d 464] —In a negligence action to recover damages for personal injuries, the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated September 27, 1995, as denied that branch of its motion which was for leave to amend its bill of particulars in the third-party action.

Ordered that the order is affirmed insofar as appealed from, with costs.

While it is firmly established that leave to amend a pleading shall be freely granted (*see,* CPLR 3025 [b]), a motion to amend is committed to the broad discretion of the Supreme Court, and its determination will not lightly be set aside (*see, Citrin v Royal Ins. Co.,* 172 AD2d 795; *Napoli v Canada Dry Bottling Co.,* 166 AD2d 696). In this case the defendant third-party plaintiff sought leave to amend its bill of particulars in the third-party action nine years after the occurrence which caused the plaintiff's injuries, five years after the third-party complaint was filed, and one year after the third-party defendant filed a note of issue. The defendant third-party plaintiff has failed to support its motion with an affidavit showing the merit of the proposed amendment or an affidavit showing a reasonable excuse for the extensive delay from the time it was first

made aware of the facts upon which the proposed amendment is predicated. The defendant third-party plaintiff has also asserted a new theory of liability based on different factual aspects of the underlying incident, and there is a possibility that evidence has been lost in the interim. Under the circumstances, it was not an improvident exercise of the court's discretion to deny the defendant third-party plaintiff's motion for leave to amend its bill of particulars (see, *Allen v Vuley,* 223 AD2d 868; *Scott v General Motors Corp.,* 202 AD2d 570; *Alexander v Seligman,* 131 AD2d 528; *Beuschel v Malm,* 114 AD2d 569). Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.